# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ESCAPEX IP LLC, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 6:22-cv-00430 |
| v. ) | |
| ) | |
| SIRIUS XM INTERNATIONAL INC., ) | |
| and SIRIUS XM HOLDINGS INC. ) | JURY TRIAL DEMANDED |
|     Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

EscapeX IP LLC ("EscapeX") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,009,113 ("the '113 patent") (referred to as the "Patent-in-Suit") by Sirius XM International Inc. ("Sirius").

### I.  THE PARTIES

1. Plaintiff EscapeX is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Sirius is a Delaware corporation with a principal address of 1221 Avenue Of The Americas, 37th Floor, New York NY 10020 and has regular and established places of business throughout this District, including at least at 310 Willie Nelson Blvd., Austin, Texas 78701. Defendant is registered to do business in Texas and has may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be served.

3. On information and belief, SIRIUS sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

1

## II.     JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.     INFRINGEMENT - Infringement of the '133 Patent

7. On April 14, 2015, U.S. Patent No. 9,009,113 ("the '113 patent") entitled "SYSTEM AND METHOD FOR GENERATING ARTIST-SPECIFIED DYNAMIC ALBUMS," was duly and legally issued by the U.S. Patent and Trademark Office.  EscapeX owns the '133 patent by assignment.

8. The '133 patent relates to a novel and improved method and system that facilitate artist-specified dynamic albums that include music that may be changed with or without intervention by

a user at a user device at which a dynamic album has been stored, according to an implementation of the invention.

9. SIRIUS offers for sale, sells, operates and manufactures one or more systems and methods that infringes one or more claims of the '133 patent, including one or more of claims 1-30, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '133 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following preliminary table included as an attachment to this complaint. These allegations of infringement are preliminary and are therefore subject to change.

11. SIRIUS has and continues to induce infringement from at least the filing date of the lawsuit. SIRIUS has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., Pandora and related methods and systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-30 of the '133 patent, literally or under the doctrine of equivalents. Sirius, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '133 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

12. SIRIUS has and continues to contributorily infringe from at least the filing date of the lawsuit. SIRIUS has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., Pandora and related methods and systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-30 of the '133 patent, literally or under the doctrine of equivalents.  Sirius, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '133 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

13. SIRIUS has caused and will continue to cause EscapeX damage by direct and indirect infringement of (including inducing infringement of) the claims of the '133 patent.

## IV.   JURY DEMAND

EscapeX hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, EscapeX prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '133 patent through selling, offering for sale, manufacturing, and inducing others to infringe by using and instructing to use Pandora and related systems and methods;

b. award EscapeX damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award EscapeX an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award EscapeX its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award EscapeX such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **Ramey LLP**

        */s/William P. Ramey, III*
        William P. Ramey, III
        Texas Bar No. 24027643
        wramey@rameyfirm.com
        Kyril V. Talanov
        Texas State Bar No. 24075139
        ktalanov@rameyfirm.com

                5020 Montrose Blvd., Suite 800
                Houston, Texas 77006
                (713) 426-3923 (telephone)
                (832) 900-4941 (fax)

                ***Attorneys for EscapeX IP LLC***